UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVER GRAY,<br><br>           Petitioner,<br><br>   v.<br><br>J. LYNCH,<br><br>           Respondent. | No. 2:20-cv-00692-JAM-CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 1, 2020, the court ordered the petition served on respondent and directed a response to be filed within 60 days. ECF No. 8. Respondent filed a motion to dismiss on June 30, 2020 on the grounds that the habeas petition was an unauthorized second or successive application and, alternatively, that the petition is barred by the statute of limitations. ECF No. 13. Petitioner has not filed an opposition to the motion to dismiss and the time for doing so has expired. For the reasons explained below, the court recommends granting respondent's motion to dismiss on the ground that the petition is an unauthorized second or successive habeas application.[1]

/////

---

[1] The court finds it unnecessary to address respondent's alternative argument concerning the timeliness of petitioner's habeas application in light of this recommendation.

1

### I. Factual and Procedural Background

Petitioner challenges his 2013 conviction for 5 counts of robbery with the use of a firearm from the Sacramento County Superior Court. ECF No. 1 at 1. On June 13, 2013, petitioner was sentenced to a determinate term of 30 years and 4 months. Id. In his habeas application, petitioner raises a single claim for relief. Petitioner contends that his trial lawyer was ineffective for failing to present mitigating evidence of his youthfulness at sentencing and at the hearing on his Romero motion to strike a prior conviction. ECF No. 1 at 5.

In the motion to dismiss, respondent points out that petitioner previously filed a federal habeas petition challenging the same conviction and sentence in Gray v. Muniz, Case No. 2:16-cv-01577-JAM-KJN (E.D. Cal.) (hereinafter "Muniz"). On March 26, 2020, the court in the Muniz case issued Findings and Recommendations that petitioner's habeas application be denied on the merits. See Muniz, ECF No. 55. The district court judge adopted these Findings and Recommendations on May 27, 2020 and denied petitioner's habeas application. See Muniz, ECF No. 57. Petitioner filed a notice of appeal from this judgment on June 5, 2020 and the case is currently pending before the Ninth Circuit Court of Appeal. See Muniz, ECF Nos. 59, 62.

### II. Legal Analysis

 "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (internal citations omitted). Here, petitioner raises a new ineffective assistance of counsel claim that could have been adjudicated on the merits of his prior petition in Muniz, especially considering that he was represented by appointed counsel in that prior federal habeas application. Therefore, the court finds that the instant habeas petition constitutes a second or successive application.

Before petitioner can proceed with the instant successive petition, he must obtain authorization from United States Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Because it does not appear that petitioner has obtained the required authorization, petitioner's habeas petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 152 (2007)

(recognizing that the second or successive bar divests the district court of jurisdiction to hear the merits of the claims); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted.
2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice as an unauthorized second or successive petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 21, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/gray0692.mtd.sos.docx